**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3767-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN COLON,

     Defendant-Appellant.

_____

Submitted May 17, 2021 – Decided May 28, 2021

Before Judges Fasciale and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 13-03-0344.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Matthew Samel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a March 6, 2020 order denying his petition for post-conviction relief (PCR). Defendant maintains that his trial counsel rendered ineffective assistance by failing to impeach the credibility of two witnesses. Judge Robert Bingham, II, entered the order and rendered a fifteen-page written opinion.

On appeal, defendant argues:

> POINT I
>
> THE PCR [JUDGE] ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE AT TRIAL BY FAILING TO IMPEACH THE CREDIBILITY OF THE ALLEGED EYE-WITNESSES ON CROSS-EXAMINATION.

We affirm substantially for the reasons expressed by Judge Bingham. We add the following remarks.

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v.

Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987).  To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  466 U.S. at 687.  A defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."  Id. at 689.  Thus, this court must consider whether counsel's performance fell below an objective standard of reasonableness.  Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id. at 687.  A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated."  Fritz, 105 N.J. at 58.

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant

3

must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). This court will "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 462-63.

Defendant asserts that he indicated in his certification that he communicated "specific avenues of attack to trial counsel and urged [counsel] to utilize them in cross-examination of the[] witnesses." Defendant contends that his now-ex-girlfriend, Curry, had a motive to fabricate an incriminating story against him because "the relationship ended badly and she wanted to get back at [him]." Defendant further contends that he advised trial counsel that Kramer falsified her testimony because "she was . . . Curry's best friend and wanted to help her." Defendant also argues trial counsel rendered ineffective assistance by failing to impeach Curry's credibility as to her identification of the

gun. Specifically, defendant argues that trial counsel could have impeached Curry's credibility by confronting her with her formal statement to police in which she provided a description of the gun, which contrasted her trial testimony. All of defendant's argument pertaining to trial counsel's cross-examination of the State's witnesses amount to bare, conclusory assertions, which are insufficient to establish a prima facie claim of ineffective assistance of counsel. Cummings, 321 N.J. Super. at 170.

Under the first Strickland/Fritz prong, there is no basis to conclude that counsel's cross-examination of the State's witnesses was deficient. The PCR judge properly rejected defendant's arguments given trial counsel's advocacy throughout the proceedings. The record reflects that trial counsel set forth sound trial strategy, cross-examined the State's witnesses to create doubt as to their veracity, and highlighted a potential motive to fabricate their testimonies. Trial counsel emphasized Curry and Kramer's friendship, Curry's romantic relationship with defendant and others involved in the incident, and Kramer's friendship with one of the victims to show that they had reason to lie about defendant. Trial counsel also impeached Curry and Kramer's credibility by questioning them about the fact that neither one of them called police after the incident occurred and did not mention the shooting until two weeks later when

police interviewed them in an unrelated matter. Trial counsel further challenged the witnesses' recollection based on their location during the shooting, inability to see the gun, and the stressful nature of the events. Trial counsel's performance therefore did not fall below an objective standard of reasonableness. Strickland, 466 U.S. at 688.

Defendant's argument that the witnesses had motive to testify falsely is conclusory, Cummings, 321 N.J. Super. at 170, and belied by the record. The record shows that Curry was romantically involved with defendant both before and after the incident, and that Kramer and Curry were friends. Outside of this, there were no facts trial counsel failed to call upon to undermine the credibility of either witness. Similarly, defendant certified that he told trial counsel to confront Curry, who described the gun as automatic, with the ballistics report that showed the bullet recovered was fired from a revolver. Such a presentation would have been fruitless, however, because the record indicates that Curry was never certain about the type of gun defendant fired.

Defendant also failed to establish prejudice under the second Strickland/Fritz prong. Through trial counsel's advocacy, the jury acquitted defendant of all charges related to Kramer and on the most serious attempted murder charge against the other victim. Moreover, there existed ample evidence

6

upon which to convict defendant on the charges the jury found him guilty of. Defendant was confronted with reliable eyewitness testimony, his own spontaneous admission to police that he tried to shoot one of the victim's braids off, and physical evidence documented by police at the scene of the shooting, namely a projectile found inside a wood beam. Defendant points to no additional evidence outside of this record which would change the outcome.

Because defendant failed to establish a prima facie claim of ineffective assistance of counsel, he was not entitled to an evidentiary hearing and the judge did not abuse his discretion by denying him one. Marshall, 148 N.J. at 158.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION